THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR VARGAS ROSARIO k/a VICTORIANO VARGAS ROSARIO, Defendant and Appellant.

No. 16297.   Submitted May 8, 1958.—Decided May 19, 1958.

*Fernando Pérez Regis, Public Defender,* for appellant. *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General, Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

PER CURIAM.

Víctor Vargas Rosario was charged in the Superior Court, Ponce Part, with a violation of § 77 of the Spirits and Alcoholic Beverages Act (13 L.P.R.A. § 1754). The trial having been held, he was found guilty and sentenced to six months in jail. In this appeal he assigns the following errors: (1) "That the lower court erred in denying the motion for suppression of evidence"; and (2) "that the lower court erred in the weighing of the evidence."

The first assignment of error is without merit. The nine cans of clandestine rum found by two policemen when they searched the automobile operated by the defendant did not constitute evidence illegally obtained. In fact, the two policemen testified that the defendant stopped his automobile on Carrión Maduro Street of Juana Díaz in front of a red light, that ". . . *we asked him for his driver's license* . . . ," and that they arrested him when the defendant answered that ". . . *he had none* . . ." After the arrest the policemen noticed a strong odor of rum coming out of the vehicle. Thereupon they opened the trunk of the automobile and found the cans full of that liquor which were presented in evidence at the trial.

We are not therefore concerned with an illegal search. On the contrary, by giving credit to the evidence introduced by the prosecution, the trial court concluded that the defendant was legally arrested by two police officers while committing an offense in their presence, and that the search of the automobile was made following the arrest. According to § 116 of the Code of Criminal Procedure (34 L.P.R.A. § 243), a peace officer may arrest a person, without a warrant therefor, for a public offense committed in his presence.

To operate an automobile without a driver's license is a public offense. Consequently, the defendant's arrest was valid. And the police could incidentally search the defendant and the automobile which he operated. The evidence seized as incidental to such legal search may be used in support of a charge in no way related to the charge for which the arrest was made. *People* v. *Colón*, 68 P.R.R. 826 (1948); *People* v. *Ríos*, 71 P.R.R. 908 (1950); *People* v. *Soto*, 77 P.R.R. 193 (1954); *People* v. *Santiago*, 78 P.R.R. 627 (1955). *Cf. People* v. *Miranda*, 79 P.R.R. 125 (1956). In this connection, see also: *Carroll* v. *United States*, 267 U.S. 132 (1925); *Brinegar* v. *United States*, 338 U.S. 160 (1949); *United States* v. *Rabinowitz*, 339 U.S. 56 (1950); Fellman, *The Defendant's Rights* 138–41 (1958).

■ The second assignment of error is frivolous. Any conflict in the evidence introduced by both parties was resolved by the trial judge in favor of the prosecution. And there is no basis in the record to disturb such weighing. *People* v. *Aquino*, 79 P.R.R. 17 (1956); *People* v. *Garcés*, 78 P.R.R. 95 (1950); *People* v. *Piñeiro*, 77 P.R.R. 502 (1954); *People* v. *Comas*, 75 P.R.R. 388 (1953); *People* v. *Millán*, 71 P.R.R. 410 (1950).

The judgment appealed from will be affirmed.